# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| WILLIE PACE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CASE NO.: 7:24-CV-118 (LAG) |
| : | |
| DON LYLES, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Before the Court is Plaintiff Willie Pace's Application to Proceed in District Court Without Prepaying Fees or Costs (Motion to Proceed IFP) (Doc. 2). Plaintiff initiated this action by filing a letter with the Court on November 13, 2024, seeking to "file a claim against [his criminal] attorney." (Doc. 1 at 1). Plaintiff explains that he went to his attorney's office to see "why [his] case was taking so long" and his attorney responded that "the DA had more important cases" than Plaintiff's. (*Id.* at 3). Plaintiff alleges that he spent six months in jail and has not had access to certain evidence pertaining to his case. (*Id.* at 4). Plaintiff states that he "think[s] [his attorney] should voluntarily withdraw from [Plaintiff's] case with conflict of interest, because [his attorney] knows that [he is] not going to defend [Plaintiff] with conviction." (*Id.* at 3).

Plaintiff's Complaint does not contain a "short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a). A federal court "must inquire *sua sponte*" into its jurisdiction to decide a case "whenever it appears that jurisdiction may be lacking." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). To decide a case, a "district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir.

2016) (citation omitted). Here, Plaintiff states that his attorney has made "mistakes" based on Plaintiff's reading of the United States Constitution and argues that his Sixth Amendment right to a speedy trial had been violated—signaling that Plaintiff would like to bring claim arising under the U.S. Constitution—but it is not clear what claim exactly Plaintiff attempts to bring against his attorney and whether that claim is one over which the Court would have federal question jurisdiction. (Doc. 1 at 1). If there is no basis for statutory or federal question jurisdiction, Plaintiff must allege diversity jurisdiction to avoid dismissal of this action. Diversity jurisdiction generally requires that the amount in controversy in a case "exceeds the sum or value of $75,000" and that the case "is between . . . citizens of different states." 28 U.S.C. 1332(a). It appears from the Complaint that both Plaintiff and his attorney—who is practicing criminal law in Georgia—are citizens of Georgia, which would preclude diversity jurisdiction. *See id.*; (*see* Doc. 1).

Accordingly, within **fourteen (14) days** of this Order, Plaintiff is **ORDERED** to file an amended complaint containing a short and plain statement of the grounds for the Court's jurisdiction as required by Federal Rule of Civil Procedure 8(a).

**SO ORDERED**, this 12th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**